UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:09-cr-130 (SRU) |
| ROBERTO RODRIGUEZ | |

### RULING ON DEFENDANT'S MOTIONS

Defendant Roberto Rodriguez filed a motion pursuant to Rule 41(g)[1] of the Federal Rules of Criminal Procedure for the return of property, specifically, for $3,257.09 in U.S. currency seized upon his arrest during the prosecution of his underlying crime (doc. 828).[2] Shortly thereafter, the United States ("the Government") filed its opposition to Rodriguez's motion (doc. 829), and Rodriguez filed his reply brief (doc. 832) and filed a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (doc. 837). For the reasons set forth, Rodriguez's motion for return of property is denied, and his motion for judgment on the pleadings is denied, with prejudice, as moot.

### I.  Background

On June 4, 2009, a grand jury returned an indictment (doc. 11) charging Rodriguez with conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(B) and 846 [Count One]; three-counts of distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Counts Two,

---

1. In 2002, Rule 41(e) was restyled as Rule 41(g) for clarity; it was not amended substantively by the 2002 amendments. *Bertin v. United States*, 478 F.3d 489, 492 n.1 (2d Cir. 2007) (citing *Adeleke*, 355 F.3d at 147 n.1); *see also* Committee Note to the 2002 Amendments ("The language of Rule 41 has been amended as part of the general restyling of the [Federal Rules of Criminal Procedure] to make them more easily understood. . . These changes are intended to be stylistic only.").

2. This is Rodriguez's second Rule 41(g) motion seeking return of this currency. *See* Rule 41(g) Mot. (doc. 810). I denied Rodriguez's prior motion, noting, "In his plea agreement, Rodriguez expressly agreed to forfeit the property now sought to be returned to him." Order *denying* Rule 41(g) Mot. (doc. 820).

Seven, Ten]; and six counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Counts Six, Eight, Nine, Eleven, Twelve, Thirteen]. At the time of Rodriguez's arrest, agents seized $3,257.09 in cash from his person. Gov't Opp'n Br. 1 (doc. 829).

Rodriguez then entered into a plea agreement with the Government (doc. 294) and pleaded guilty to Counts 1 and 2 of the indictment (docs 149, 164, 178). Rodriguez's plea agreement with the government included a provision in which Rodriguez consented to forfeit the $3,257.09 that had been seized upon his arrest to the Government.[3] Plea Agreement 3 (doc. 294). Rodriguez also waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure. *Id.* At Rodriguez's sentencing hearing, I imposed a sentence that included forfeiture of that cash to the Government. Judgment 2 (doc. 301).

---

3. The forfeiture provision of the Plea Agreement contains the following agreements:

> Pursuant to 21 U.S.C. § 863(a), [Rodriguez] agrees to forfeit to the United States his interest in the property described below, which was listed in the Forfeiture Allegation of the Indictment: 1. $3257.09 in United States currency seized from the person of Roberto Rodriguez on May 21, 2009.
>
> The defendant acknowledges that the property described above is forfeitable as property which represents the proceeds of, or was used to facilitate the commission of, the narcotics violations in Counts One and Two of the Indictment. The defendant agrees to waive all interests in these assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.
>
> The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of aaction to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

Rodriguez then timely filed a Rule 41(g) motion for return of the $3,257.09 (doc. 810), which I denied on the merits (doc. 320).  In the prior motion, Rodriguez argued that the cash seized was "unrelated to the crime nor was the source of that crime," that the cash constituted his proceeds from selling used cars and conducting repairs, that he was not charged with a forfeiture count nor pleaded guilty to forfeiture proceedings allowing the seizure of the money, that he was not served with notice of any forfeiture proceedings, and that he never waived his ownership rights to the seized money.  Def.'s R. 41(g) Mot. 1–2 (doc. 810).  Rodriguez now renews that motion on substantively the same grounds.

**II.   Discussion**

Under a district court's equitable jurisdiction, the law allows that property once-seized for a particular criminal case will be returned to the owner unless the Government can demonstrate why retaining that property is reasonable.  *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) (referencing *Mora v. United States*, 955 F.2d 156, 160 (2d Cir. 1992)).  Rule 41(g) of the Federal Rules of Criminal Procedure sets forth the mechanism for such a request, providing that "a person aggrieved by . . . the deprivation of property may move for the property's return."  To prevail on a Rule 41(g) motion, the claimant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the search was illegal or the government's need for the property as evidence has ended. 3A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 690 (3d ed. 2004); *see also Awan v. United States*, slip op., No. 12-cv-3844 (JS), 2014 WL 1343129, at *3 (E.D.N.Y. Mar. 31, 2014); *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005)

3

(citing *Van Cauwenberghe*, 827 F.3d 424, 433 (9th Cir. 1987), *cert. denied*, 484 U.S. 1042 (1988)).

Neither the Second Circuit nor U.S. Supreme Court has set forth a standard for assessing Rule 41(g) motions. In the absence of a standard of review, the Advisory Committee Note to the 1989 amendments to current Rule 41(g) encouraged district courts to adopt an approach that evaluated the request's "reasonableness under all of the circumstances." 124 F.R.D. 397, 427 (1989); *see also* Committee Note to 2009 Amendments, Fed. R. Crim. P. 41(g) ("Rule 41(g) . . . provides a process for the 'person aggrieved' to seek an order from the court for a return of the property . . . under reasonable circumstances"). Several federal appeals courts, as well as other district courts in the Second Circuit, have adopted that recommendation as their standard of review regarding Rule 41(g) motions. *Gov't of V.I. v. Edwards*, 903 F.2d 267, 273 (3d Cir. 1990); *United States v. Hess*, 982 F.2d 181, 186 (6th Cir. 1992); *United States v. Gladding*, 775 F.3d 1149 1152–53 (9th Cir. 2014); *United States v. Gotti*, 244 F. Supp. 2d 120, 124 (E.D.N.Y. 2003); *United States v. Taft*, 769 F. Supp. 1295, 1307 (D. Vt. 1991) (citing *In re Search of Kitty's East*, 905 F.2d 1367, 1375–76 (10th Cir. 1990)).

Rule 41(g) only applies, however, to circumstances in which the claimant is lawfully entitled to possession of the seized property. A claimant is not entitled to the return of property that has been forfeited or seized in satisfaction of a fine or penalty owed to the Government. *Bertin v. United States*, 478 F.3d 489, 492 (2d Cir. 2007). A party has no ownership interest or right to property that has been forfeited or turned over as part of a criminal judgment. *See United States v. David*, 131 F.3d 55, 59 (2d Cir. 1997); *United States v. Hubbard*, 650 F.2d 293, 303 n.26 (D.C. Cir. 1980) (property that is statutorily forfeit need not be returned); *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982) (claimant must demonstrate it holds

a property interest in the seized property), *cert. denied*, 464 U.S. 814 (1983); *Cauwenberghe*, 827 F.3d at 433 (claimant who transferred certain property in satisfaction of criminal judgment was no longer lawfully entitled to that property).

Rodriguez maintains that he is the lawful owner of the property at issue, and he states that he never consented to the forfeiture of that property and that the Government failed to provide him adequate notice and process prior to claiming lawful title in that property. Rodriguez's argument squarely contradicts the record in this case.

A defendant who has forfeited property pursuant to a plea agreement and criminal sentence cannot later seek the return of that property. *See, e.g.*, *Awan*, *supra*, at *4; *Mosley v. United States*, No. 95-cv-69, 1995 WL 118180, at *5–*6 (N.D.N.Y. Mar. 8, 1995). Rodriguez had ample notice of, and voluntarily consented to, the forfeiture of the $3,257.09. Rodriguez received that notice in his plea agreement with the Government, during his change of plea hearing, and again at his sentencing hearing—all proceedings in which he was informed of the forfeiture provision and asked if he voluntarily entered into the agreement and understood that he had forfeited any right, title or interest in the seized currency. As noted above, the terms of Rodriguez's plea agreement contained an express forfeiture, in addition to a waiver of the notice and announcement requirements for forfeiture, and a waiver of his right to challenge the forfeiture on "in any manner." Plea Agreement 3. Having transferred his interest in the seized property at issue, Rodriguez cannot now claim to be the lawful owner of that property.

### III. Conclusion

Rodriguez voluntarily, willingly and expressly transferred any interest he may have had in the seized currency in his plea agreement and over the course of his criminal prosecution. As

5

a result, he no longer holds any property right, title, or interest in that currency. Because he is not the lawful owner of the seized currency, he cannot now seek its return. Accordingly, Rodriguez's Rule 41(g) motion is **denied**, and his motion for judgment on the pleadings is **denied as moot**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 12th day of May 2015.

          /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge